ANDREW SAK p. a., *vs.* LOUIS PYTEL.

APRIL 17, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is an action of trespass on the case to recover damages caused by the defendant's dog biting the plaintiff while the dog was out of the defendant's enclosure. The first count of the declaration is based on the provisions

of Section 3, Chapter 136, General Laws, 1923, making the owner or keeper of a dog liable for damage sustained by any person by reason of being assaulted, bitten or otherwise injured by such dog "while . . . out of the enclosure of the owner or keeper." The second count charges liability at common law by alleging that the defendant kept on his premises a dog which he knew was vicious and negligently failed to secure and fasten said dog with the result that the dog bit the plaintiff. The trial in the Superior Court resulted in a verdict for the plaintiff for $487.50 and the case is before us on the defendant's exceptions to rulings of the trial justice admitting and excluding testimony and on his exception to the decision of said justice denying the defendant's motion for a new trial.

One of the defendant's exceptions was to the striking out of testimony. The plaintiff having testified as to the number of days he was absent from school because of injuries inflicted by the defendant's dog, the defendant attempted to rebut this evidence by calling the teacher of the school which the plaintiff attended. The teacher produced the school record of attendance which she kept, and testified as to the dates on which, according to her record, the plaintiff was present in school. This testimony contradicted the plaintiff. She testified that she had no recollection as to whether or not the plaintiff was present on the days in question. On motion of the plaintiff her testimony was struck out on the ground that the witness had not testified that the record served as a memoranda to refresh her memory and on the further ground, as stated in the ruling, that the record was not a public record. We think the testimony should have been retained and submitted to the jury. She testified that she kept the record and the fair purport of her testimony on the point is to the effect that she kept the record accurately in accordance with her duty. If she so kept the record she knew from day to day when she made the record and saw it that the record was accurate. The rule is correctly stated in Abbott's Trial Ev. 2d ed.,

395 and was quoted with approval in *Welch & Co.* v. *Greene,* 24 R. I. at 521 as follows: "If the witness testifies that he knew the writing to be correct at the time he made it or read it, the competency of testimony made by its aid is not impaired by the fact that he relies not on his memory of the fact itself, but on his confidence in the accuracy of the memorandum." However, we do not consider that the striking out of the testimony constitutes reversible error. This testimony applied only to the question of damages. Considering the admitted seriousness of the plaintiff's injuries the damages awarded can not be regarded as grossly excessive, irrespective of the question whether the jury would have been warranted in awarding exemplary damages, and as the ownership of the dog was admitted and as the evidence on behalf of the plaintiff that the defendant's dog, while out of the defendant's enclosure, attacked the plaintiff causing the injuries complained of was not disputed, the defendant suffered no prejudice by not being permitted to contradict the plaintiff in one particular by testimony which if believed might tend to discredit his testimony generally.

The other exceptions to the admission and exclusion of testimony are entirely without merit and require no consideration.

The uncontradicted evidence on behalf of the plaintiff established liability under Section 3 of said Chapter 136 (see *Kelly* v. *Alderson,* 19 R. I. 544; *Peck* v. *Williams,* 24 R. I. 583; *Palmer* v. *Saccocia,* 33 R. I. 476; *Whittet* v. *Bertsch,* 39 R. I. 31) and we find no reason for disturbing the decision of the trial justice denying the defendant's motion for a new trial.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Greene, Kennedy & Greene,* for plaintiff.
*William G. Rich,* for defendant.